**HORACE MANN INSURANCE COMPANY, Plaintiff,**

v.

**William Paul McGEE, et al., Defendants.**

No. CV–93–A–959–N.

United States District Court, M.D. Alabama, N.D.

Jan. 19, 1994.

Clyde C. Owen, Jr., Montgomery, AL, for plaintiff.

William Paul McGee, pro se.

Sterling V. Frith, Roianne H. Frith, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is now before the Court on the Motion for Summary Judgment filed by Plaintiff, Horace Mann Insurance Company, on November 12, 1993. Because the Court finds that Defendants are unable to show the existence of a genuine issue of material fact for trial and that Plaintiff is entitled to judgment as a matter of law on the undisputed facts, the Court will grant Plaintiff's motion.

### Relevant Facts

In this diversity action, Plaintiff Horace Mann Insurance Company seeks a declaratory judgment establishing that it has no obli-

gation to indemnify Defendant William Paul McGee for any liability which may be assessed against him in a civil lawsuit pending in the Circuit Court of Montgomery County, Alabama ("Liability Case"). Plaintiff's relationship to Defendant McGee derives from a series of contracts between Plaintiff and the National Education Association ("NEA"). Pursuant to these contracts, Plaintiff provided liability insurance coverage to members of the state affiliate organizations of the NEA under a plan called the Educators Employment Liability Program ("EEL Program"). Defendant McGee was covered by one of Plaintiff's policies ("Policy") by virtue of his membership in the Alabama Education Association ("AEA") which is a state affiliate of the NEA.

In September of 1992, Defendant McGee, a former teacher at Vaughn Road Elementary School in Montgomery, was indicted by a Montgomery County grand jury for a series of criminal offenses involving the sexual abuse of several of Defendant McGee's former students. In December of 1992, Defendant McGee entered guilty pleas in each of the criminal cases, wherein he admitted criminal responsibility for sexual abuse or attempted sexual abuse of the students. Defendant McGee is currently incarcerated, serving his sentence for these criminal acts.

In March of 1993, the victims of Defendant McGee's criminal acts ("Doe Defendants")[1] filed a civil action ("Liability Case") against Defendant McGee and others in the Circuit Court of Montgomery County, Alabama, seeking damages for the injuries they sustained from Defendant McGee's sexual abuse.

In August of 1993, Plaintiff filed this declaratory judgment action against Defendant McGee and the Doe Defendants. The Court has jurisdiction on the basis of diversity of citizenship. 28 U.S.C. § 1332. Plaintiff asks the Court (1) to declare that liability insurance coverage is not provided to Defendant McGee under the EEL Program for the claims asserted against him by the Doe De-

---

1. The victims of Defendant McGee's sexual abuse are named in this suit as "John Doe" and other fictitious names in order to protect their privacy and are referred to as the "Doe Defendants" in this Opinion. While the Doe Defendants are indeed defendants in this declaratory judgment action, they are the plaintiffs in the civil action filed in state court against Defendant McGee.

fendants in the Liability Case; (2) to declare that Plaintiff has no duty to pay any judgment which may be rendered against Defendant McGee in the Liability Case, or to attempt to settle, or to participate in an attempt to settle, the claims asserted against Defendant McGee in the Liability Case; and (3) to order such other relief to which Plaintiff may be entitled, together with costs of this action. On November 12, 1993, Plaintiff filed a Motion for Summary Judgment. The Court now decides Plaintiff's motion.

### Standard of Review

■ Under *Fed.R.Civ.P.* 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23, 106 S.Ct. at 2552.

■ Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c).

### Discussion

Plaintiff advances three distinct arguments for its position that Defendant McGee is not entitled to coverage for any civil liability he may incur as a result of the Liability Case. First, Plaintiff argues that "[t]he conduct alleged by the Doe Defendants to have been committed by Mr. McGee does not satisfy the Policy definition of 'Educational Employment Activities' so as to invoke the coverage of the Policy in the first instance." *Brief of Plaintiff Horace Mann Insurance Company in Support of Motion for Summary Judgment* at 8. Second, Plaintiff argues that "[t]he Liability Case represents a 'Civil Suit Arising from Criminal Acts' for which coverage is excluded by the ... Policy." *Id.* at 9. Third, the Plaintiff argues that the "Intentional Damages" clause of the Policy excludes coverage for damages resulting from Defendant McGee's sexual abuse of his students. *Plaintiff's Reply Memorandum in Support of Motion for Summary Judgment* at 7.

For purposes of this Opinion, the Court will assume, without deciding, that Defendant McGee's conduct is an "Educational Employment Activity" so as to invoke the coverage of the Policy in the first instance.[2] The Court will also assume, without deciding, that

---

2. The Court notes that it has serious doubts about the proposition that Defendant McGee's acts of sexual abuse are within the Policy definition of "Educational Employment Activities." *See, Horace Mann Ins. Co. v. Fore,* 785 F.Supp. 947, 948–949 (M.D.Ala.1992) (holding that acts of sexual abuse were not "Educational Employment Activities" within meaning of insurance policy and that insurance company, which had brought a declaratory judgment action, was entitled to judgment as a matter of law).

the exclusion for a "Civil Suit Arising from Criminal Acts" does not apply.[3] Finally, the Court will grant Plaintiff's Motion for Summary Judgment based on the Policy's exclusion for "Intentional Damages."[4]

■ The Court holds that the Policy's Intentional Damages clause excludes coverage for the damages sought by the Doe Defendants in the Liability Case because those damages are, as a matter of law, the intended result of Defendant McGee's acts of sexual abuse. Since this is a diversity case, state law controls, and the Court finds the issue presented to be governed by the recent Alabama Supreme Court decision in *State Farm Fire and Casualty Co. v. Davis*, 612 So.2d 458 (Ala.1993). In *Davis*, the Alabama Supreme Court adopted the "inferred-intent rule" in child sexual abuse cases. *Id.* at 464. Under the inferred-intent rule, a court must, as a matter of law, infer from culpable conduct an intent to damage where an applicable insurance policy contains an exclusion for intentional damages. *Id.* at 463. It is undisputed that all of the Doe Defendants' civil claims against Defendant McGee are based on Defendant McGee's sexual abuse of children. It is also undisputed that every version of the Policy at issue in this case contains an Intentional Damages exclusion. Therefore, the Court must infer from Defendant McGee's sexually abusive conduct an intent to damage and hold that any liability resulting from the Liability Case is not covered by the Policy.[5]

The Court does not find any of the Doe Defendants' arguments regarding the Intentional Damages exclusion convincing. They offer evidence which they argue indicates that Defendant McGee did not intend to damage the children he molested. The *Davis* decision, however, held that such evidence is irrelevant. Under *Davis*, the Court must infer the intent to damage whether or not Defendant McGee did, in fact, intend to damage.

The Doe Defendants also argue that the Policy's Intentional Damages exclusion is subject to two exceptions which apply in this case. The Court finds, however, that *Davis* renders both exceptions inapplicable. The first exception reads as follows:

> This exclusion shall not apply if [the insured's] responses to the allegations made

---

3. The Court notes that it has serious doubts about the proposition that the Liability Case falls outside the exclusion for a "Civil Suit Arising from Criminal Acts." *See, Horace Mann Ins. Co. v. Fore*, 785 F.Supp. 947, 949 (M.D.Ala.1992) (holding that insurance policy exclusion for "Civil Suits Arising from Criminal Acts" barred coverage for insured's potential liability resulting from sexual abuse claims).

4. In most versions of the Policy, the "Intentional Damages" exclusion reads as follows:

   INTENTIONAL DAMAGES. [The coverage] of this policy does not apply to occurrences involving damages which are the intended consequence of action taken by or at the direction of the insured, unless the action involves corporal punishment.

   The language of the "Intentional Damages" exclusion changed in the 1991–1992 version of the Policy. The "Intentional Damages" exclusion in that version of the Policy reads as follows:

   INTENTIONAL DAMAGES: [The coverage] of this contract does not apply to occurrences involving damages which are the intended consequence of action taken by [the insured] or at [the insured's] direction. There are three exceptions to this exclusion:

   (1) This exclusion shall not apply if the action taken involves corporal punishment.

   (2) This exclusion shall not apply if the civil proceeding against [the insured] is based on an alleged violation of any civil rights guaranteed by the Constitution or Civil Rights statutes of the United States or of a state, unless it is expressly found by the trier of civil fact that in taking said action [the insured] specifically intended to violate the civil rights of the claimant.

   (3) This exclusion shall not apply if [the insured's] responses to the allegations made against [the insured] in any civil proceeding indicate that the damages involved were not the intended consequence of action taken by [the insured] or at [the insured's] direction. Except as otherwise specified in Exception 2 of this exclusion, if evidence obtained as a result of investigation, litigation, or otherwise demonstrates that said responses are not credible, this exclusion shall thereafter apply. We [Horace Mann] shall be entitled to reimbursement for the attorneys fees, costs and other expenses incurred by us in providing coverage to [the insured].

5. *See also, Universal Underwriters v. Stokes Chevrolet*, 990 F.2d 598, 603 n. 10 (11th Cir.1993) ("Alabama has affirmatively adopted an irrebuttable presumption of intent to cause injury ... in the realm of the sexual abuse and molestation of children.") (citing *Davis* ).

against [him or her] in any civil proceeding indicate that the damages involved were not the intended consequences of action taken by [the insured] or at [his or her] direction.

For this exception to apply, there must be some uncertainty regarding Defendant McGee's intent to damage. Under *Davis,* there is no uncertainty. As a matter of law, Defendant McGee intended to damage the children. Thus, the first exception does not apply to this case.

█ The second exception to the Intentional Damages clause is also rendered inapplicable by *Davis.* The second exception reads as follows:

This exclusion shall not apply if the civil proceeding against [the insured] is based on an alleged violation of any civil rights guaranteed by the Constitution or the Civil Rights statutes of the United States or of a state unless it is expressly found by the trier of civil fact that in taking said action [the insured] specifically intended to violate the rights of the claimant.

The Doe Defendants argue that this exception provides coverage for their civil rights claims against Defendant McGee. The Court disagrees. The civil rights claims are based on the same acts of sexual abuse as the other claims. Merely calling those acts violations of civil rights does not change the irrebuttable presumption of intent to cause injury in cases of sexual abuse of children. The irrebuttable presumption of *Davis* applies to the Doe Defendants' civil rights claims and means that Defendant McGee's intention to violate the civil rights of the children, assuming his actions do indeed constitute civil rights violations, is presumed. Thus, the second exception to the Intentional Damages exclusion does not apply.

█ Finally, the Doe Defendants argue that the Intentional Damages clause does not operate to exclude coverage for their claims that Defendant McGee negligently failed to comply with a state statute requiring school teachers to report known or suspected incidents of child abuse. *Ala.Code* § 26–14–1, *et seq.* Once again, the *Davis* decision refutes the position of the Doe Defendants. In *Davis,* the child abuser's wife argued "that she should be afforded coverage because she was not accused of any intentional act, but only a breach of a duty to report the egregious conduct of her husband." *Davis,* 612 So.2d at 466. The Alabama Supreme Court rejected this argument and held that the intentional damages exclusion "exclud[ed] coverage for [the wife] for harm directly attributable to the intentional conduct of her husband." *Id.* Similarly, in the instant case, the Intentional Damages exclusion bars coverage for all harm directly attributable to Defendant McGee's sexual abuse of his students, including any harm resulting from Defendant McGee's failure to report himself for child abuse.[6]

*Conclusion*

The Court finds there is no genuine issue of material fact regarding Plaintiff's purported duty to indemnify Defendant McGee for liability he may incur in the Liability Case. The Court holds that, as a matter of law, no such duty exists.

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED. It is ORDERED that liability insurance coverage is not provided to Defendant McGee under the Educators Employment Liability Program for the claims asserted against him in the Liability Case. It is ORDERED that Plaintiff has no duty to pay any judgment which may be rendered against Defendant McGee in the Liability Case; nor does Plaintiff have any duty to attempt to settle, or to participate in an attempt to settle, the claims asserted against Defendant McGee in the Liability Case. Finally, it is ORDERED that each party bear its own costs.

---

6. The Court is assuming here that the Fifth Amendment to the United States Constitution does not render the reporting statute, which contains criminal penalties, inapplicable to the child abuser himself. *See, Ala.Code* § 26–14–13 (stating that failure to report is a misdemeanor punishable by a sentence of not more than six months' imprisonment or a fine of not more than $500.00).